# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SALVADOR NUNEZ,

      Petitioner,

      -vs-

WARDEN, Lebanon Correctional Institution,

      Respondent.

Case No. 3:09-cv-142

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

# REPORT AND RECOMMENDATION[1]

Pursuant to 28 U.S.C. § 2254, Petitioner Salvador Nunez ("Petitioner" or "Nunez") brings this petition for a writ of *habeas corpus*. Petitioner was convicted of two counts of murder in December 2004 and is currently serving his thirty-years-to-life sentence. Proceeding *pro se*, Petitioner pleads two grounds for relief:

> **GROUND ONE**: Judgment of conviction obtained in violation of 14th Amendment's Due Process Clause
>
> **Supporting facts**: Where there are no common-law crimes or sentences in Ohio pursuant to O.R.C. § 2901.03(A), the trial court re-imposing consecutive life terms upon petitioner violates his absolute procedural due process rights notwithstanding State v. Foster (2006), 109 Ohio St. 3d 1.
>
> **GROUND TWO**: Murder conviction is violative of Due Process Clause of the 14th Amendment, United States Constitution.
>
> **Supporting facts**: Where a conviction under Ohio Revised Code § 2903.02(B) is violative of Article II, Section 26, Ohio Constitution, the so-called Equal Protection Clause, Petitioner's present judgment of conviction was secured in violation of the

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

> 14th Amendment's Due Process Clause where the State courts failed to enforce this rule of law.

Doc. 1 (capitalization altered).

## I. PROCEDURAL BACKGROUND

In July 2004, Petitioner was indicted on six counts, including two counts of felony murder, for killing two men on October 3, 1999.[2] Doc. 5-6. He pled not guilty and proceeded to trial. Doc. 5-7. A jury convicted him of both murder counts, with gun specifications for each count. Docs. 5-9, 5-10. Petitioner was sentenced to fifteen years to life imprisonment for both murder counts and three years for each firearm specification, to be served consecutively, for a total of thirty-six years to life imprisonment. Docs. 5-11, 5-41.

With the assistance of counsel, Petitioner timely appealed his conviction and sentence to the Ohio Second District Court of Appeals, raising four assignments of error:

> I. Whether the Defendant-Appellant was deprived a fair trial through his counsel's ineffective assistance in failing to request a continuance of the trial to locate a witness favorable to the Defendant's case.
>
> II. Whether the trial court erred in sentencing the Defendant-Appellant to consecutive sentences without complying with Ohio law.
>
> III. Whether the trial court erred in failing to merge the two firearm specifications.
>
> IV. Whether the trial court erred in sentencing the Defendant-Appellant to a prison term longer than the fifteen to thirty years allowed in the agreement of extradition between United States and Mexico.

Doc. 5-12 at PageID 120 (capitalization altered). On November 23, 2005, the Ohio Court of

---

[2]Petitioner returned to Mexico (his native country) after committing the murders in October 1999. *See* doc. 5-20 at PageID 310. In September 2003, Mexican authorities apprehended him, and he was extradited to the United States in July 2004. *See id.* In agreeing to extradite Petitioner, the Montgomery County Prosecutor gave assurances to Mexican authorities that Petitioner's maximum sentence would be thirty years to life imprisonment. *See* doc. 5-15 at PageID 201-04.

Appeals reversed the trial court's judgment and remanded the case for re-sentencing for two reasons: (1) the trial court did not make the necessary findings under Ohio law to support consecutive sentences; and (2) the extradition agreement between Mexico and the United States limited Petitioner's sentence to thirty years to life. *State v. Nunez*, No. 20834 (Ohio Ct. App. 2d Dist. Nov. 23, 2005), doc. 5-15.

### A. First Re-sentencing

On January 27, 2006, the trial court re-sentenced Petitioner to fifteen years to life imprisonment on each count of murder, to be served consecutively, for a total sentence of thirty years to life imprisonment. Doc. 5-16.

With the assistance of counsel, Petitioner timely appealed to the Ohio Second District Court of Appeals a second time, raising two assignments of error:

> I. The trial court erred in sentencing the Defendant to consecutive terms where the judge engaged in findings of fact that were required to be found by the jury and the trial judge.
>
> II. The trial court erred in denying Defendant's motion for jail time credit for the time that Defendant was held in Mexico challenging extradition.

Doc. 5-18 at PageID 225. On March 9, 2007, the Court of Appeals sustained both assignments of error and remanded the case to the trial court for a second re-sentencing. *State v. Nunez*, No. 21495 (Ohio Ct. App. 2d Dist. Mar. 9, 2007), doc. 5-20.

### B. Second Re-sentencing

On May 22, 2007, the trial court held a second re-sentencing hearing. Petitioner received the same sentence as before, but was given jail time credit for the time he was incarcerated in Mexico awaiting extradition, as well as the time spent in jail in the United States before his conviction. *See* docs. 5-21; 5-43 at PageID 533.

Petitioner's appellate counsel timely appealed to the Ohio Court of Appeals a third time, doc. 5-22, and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) -- asserting there were no meritorious issues for appeal. Doc. 5-23. Petitioner then filed a *pro se* appellate brief, raising the following assignments of error:

> I. It was plain error and a denial of the Appellant's absolute right to procedural due process of law under the Fourteenth Amendment to the U.S. Constitution for the trial court to impose consecutive sentences in this case where the statutory authority to impose such sentence was stricken by the Ohio Supreme Court in *State v. Foster*, (2006), 109 Ohio St. 3d 1
>
> II. It was plain error for the trial court to re-sentence Appellant to consecutive sentences under the purported authority of *State v. Foster*, (2006), 109 Ohio St. 3d 1, because doing so violates Appellant's absolute right to procedural due process as well as his substantive due process right because such procedure violates his protection against application of *ex post facto* laws and vitiates his double jeopardy protection under Article I, Section 10, Ohio Constitution & the Fifth and Fourteenth Amendments, U.S. Constitution.
>
> III. Appellant was deprived of the effective assistance of counsel at his re-sentencing hearing of May 22, 2007 and is presently being deprived of the effective assistance of appellate counsel during the pending of this current appeal as of right. Referencing: *Penson v. Ohio*, 488 U.S. 75 (1988)

Doc. 5-25 (quoting verbatim) (capitalization altered). On July 3, 2008, the Ohio Court of Appeals found Petitioner's arguments to be without merit, and therefore affirmed the trial court's judgment. *State v. Nunez*, No. 22208 (Ohio Ct. App. 2d Dist. July 3, 2008), doc. 5-27.

Petitioner, proceeding *pro se*, timely appealed to the Ohio Supreme Court, raising the same arguments that were raised in his *pro se* brief to the Court of Appeals. Doc. 5-29. On December 3, 2008, the Ohio Supreme Court dismissed his appeal as not involving any substantial constitutional question. *State v. Nunez*, No. 2008-1594 (Ohio Dec. 3, 2008), doc. 5-30.

### C. Application to Re-open His Direct Appeal

Petitioner also filed a *pro se* application to re-open his direct appeal pursuant to Ohio App. R. 26(B) -- asserting that his appellate counsel was ineffective for failing to argue that the State's decision to convict him of felony murder violated the Equal Protection Clause. Doc. 5-31. The Ohio Court of Appeals determined that Petitioner's claim had no merit and therefore denied his application to re-open his appeal. *State v. Nunez*, No. 22208 (Ohio Ct. App. 2d Dist. Sept. 22, 2008), doc. 5-33. Petitioner appealed to the Ohio Supreme Court, but it dismissed the appeal as not involving any substantial constitutional question. *State v. Nunez*, No. 2008-2104 (Ohio Jan. 15, 2009), doc. 5-36.

## II. ANALYSIS

### A. AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court decides a federal constitutional claim on the merits, the federal *habeas* court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A state court decision is considered "contrary to . . . clearly established Federal law" when it is "diametrically different, opposite in character or nature, or mutually opposed." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (citation omitted). To be deemed "an unreasonable application of . . . clearly established Federal law," 28 U.S.C. § 2254(d), a state court's decision must be "'objectively unreasonable,' not simply erroneous or incorrect." *Cornwell v. Bradshaw*,

559 F.3d 398, 405 (6th Cir. 2009) (citation omitted). Further, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence. *Id.* This statutory presumption of correctness also extends to factual findings made by a state appellate court's review of trial court records. *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003).

Under principles of comity, the state courts should have the first opportunity to hear a *habeas* petitioner's claim. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Accordingly, a federal *habeas* petitioner must exhaust state court remedies -- by fairly presenting his or her constitutional claims to the state's highest court -- before raising them in federal court. 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 844-45. If (1) the state court rejected the petitioner's claim based on his or her failure to comply with the state procedural rules, or (2) the petitioner failed to exhaust his or her state court remedies and no avenue of relief remains open, or it would otherwise be futile to pursue the state remedies, the petitioner has waived that claim for *habeas* review under the procedural default doctrine. *See Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

**B. Ground One**

In Ground One, Petitioner argues that the trial court's imposition of consecutive sentences violates his due process rights. *See* doc. 1 at PageID 5. Specifically, Petitioner asserts that, following the Ohio Supreme Court's opinion in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006) -- which severed the Ohio Revised Code provision explicitly authorizing consecutive sentences -- trial courts lack the authority to impose consecutive sentences. *See* doc. 1 at PageID 5.

Petitioner properly exhausted Ground One in the state courts. The Ohio Court of Appeals rejected this claim on the merits -- finding that *Foster* did not deprive Ohio trial courts of their

inherent power to impose consecutive sentences, and noting that the power to impose consecutive sentences derived from the common law. Doc. 5-27 at PageID 397.

As *habeas* relief is only available to correct violations of federal law, 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), the Court need not address whether the Ohio Court of Appeals properly applied state law -- the issue before this Court is whether Petitioner's consecutive sentence violates his U.S. Constitutional rights. Such is not the case, as the U.S. Supreme Court has held that the imposition of consecutive sentences for different offenses -- by a trial judge, rather than a jury -- does not violate the United States Constitution. *Oregon v. Ice*, 555 U.S. 160, 168-72 (2009).

In sum, there was no due process violation in the imposition of consecutive sentences in Petitioner's case. Therefore, Ground One should be dismissed.

## C. Ground Two

In Ground Two, Petitioner asserts that the State's decision to prosecute him for felony murder, rather than involuntary manslaughter, violates the Equal Protection Clause. *See* doc. 1 at PageID 6.

As Respondent argues, Petitioner failed to properly exhaust Ground Two in the state courts. Petitioner did not raise this argument in his direct appeal, *see* docs. 5-12, 5-18, 5-25; and raising it as an underlying claim in his Ohio App. R. 26(B) application, *see* doc. 5-31, did not properly preserve the claim for federal *habeas* review. *See White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005). Further, there are no avenues of relief for Petitioner to now present this claim in the state courts. A criminal defendant is entitled to one direct appeal. *See State v. Fischer*, 942 N.E.2d 332, 342 (Ohio 2010). Further, the 180-day limitations period -- to file a petition for post-conviction

relief in the trial court -- has long passed, *see* Ohio Rev. Code § 2953.21(A)(2), and Petitioner has not shown that he would meet the requirements to file an untimely petition under Ohio Rev. Code § 2953.23(A). Accordingly, because it would be futile for Petitioner to present Ground Two to the state courts now, he is procedurally barred from bringing this claim in his federal *habeas* proceedings. *See Williams,* 460 F.3d at 806.

Therefore, the Court cannot review Ground Two on the merits unless Petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, Petitioner's ineffective assistance of appellate counsel claim -- properly raised and exhausted in his state proceedings under Ohio App. R. 26(B), *see* docs. 5-31, 5-33, 5-36 -- can constitute such cause. *See Edwards v. Carpenter*, 529 U.S. 446, 450-52 (2000). To overcome procedural default, however, Petitioner's ineffective assistance of appellate claim must have merit, *see id.*, and, as explained below, Petitioner's claim does not.

To establish the ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Petitioner cannot satisfy the prejudice requirement, *i.e.,* demonstrate that there was a reasonable probability that, had his counsel properly raised the equal protection claim on appeal, he would have prevailed. *See Davie v. Mitchell*, 547 F.3d 297, 312-13 (6th Cir. 2008). When a criminal act violates more than one statute, the prosecutor has the discretion to proceed on the offense with the greater punishment, "as long as it does not discriminate against any class of defendants." *United States v. Batchelder*, 442 U.S. 114, 123-25 (1979). In other words, it is not a violation of the Equal

Protection Clause to convict a defendant under the statute carrying the greater penalty. *See id.* at 125. Rather, to prevail on his equal protection claim, Petitioner must show that the prosecutor's decision -- to charge him with felony murder, rather than involuntary manslaughter -- was improperly motivated by his race, gender, or other protected status. *See id.* at 125 n. 9; *Oyler v. Boles*, 368 U.S. 448, 454-56 (1962). Petitioner has not presented any evidence of, nor has he even alleged, that the State acted with such an improper motive. *See* doc. 1. Therefore, Petitioner has failed to demonstrate that his equal protection claim would have succeeded on appeal. *Cf. Dubose v. Warden*, No.1:10-cv-428, 2011 U.S. Dist. LEXIS 148578, at *45-48 (S.D. Ohio Oct. 12, 2011).

Accordingly, because Petitioner's ineffective assistance of appellate counsel claim fails, it cannot serve as cause to excuse his procedural default. Therefore, Ground Two should be dismissed.

### III. RECOMMENDATION

Based on the foregoing analysis, it is **RECOMMENDED** that Petitioner's § 2254 petition for a writ of *habeas corpus* be **DISMISSED** with prejudice and this case be **TERMINATED** on the Court's docket.

Reasonable jurists would not disagree with the recommended dispositions on Grounds One and Two. Therefore, if Petitioner seeks to appeal, the Court **RECOMMENDS** that Petitioner be **DENIED** a certificate of appealability.

April 10, 2012                                              s/ **Michael J. Newman**
                                                            United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).